IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID W. MAYS                                                                                PLAINTIFF

v.                             CIVIL NO. 23-cv-3011

MARTIN J. O'MALLEY,[1] Commissioner                      DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, David W. Mays, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on August 20, 2020. (Tr. 72). In his application, Plaintiff alleged disability beginning on December 31, 2015, due to bipolar I, attention deficit disorder, social anxiety, insomnia, rheumatoid arthritis, osteoarthritis, fibromyalgia, diabetes, hypertension, stage 1 kidney disease, compression fracture in back, right shoulder bone spurs, and high cholesterol. (Tr. 72, 313). An administrative hearing was held via telephone on March 29, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 91–123). A vocational expert ("VE") also testified. *Id*.

---

[1] Martin J. O'Malley has been appointed to serve as the Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On April 14, 2022, the ALJ issued an unfavorable decision. (Tr. 69–84). The ALJ found that Plaintiff suffered from the following severe impairments: obesity, hypertension, osteoarthritis, diverticulitis, fibromyalgia, degenerative disc disease, anxiety, depression, and ADHD. (Tr. 74–75). The ALJ also found Plaintiff suffered from the following nonsevere impairments: bladder lesion, shingles, high cholesterol, diabetes, compression fracture of the spine, right shoulder bone spurs, and insomniaThe ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 75–77). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, and crouch occasionally. The claimant can perform simple, routine, and repetitive tasks, and make simple work-related decisions. He can have occasional contact with supervisors, [c]o-workers, and the public. He can tolerate only occasional changes in work setting.
>  (Tr. 78–82).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 82). With the help of the VE, the ALJ found Plaintiff would be able to perform the requirements of representative occupations such as price marker, housekeeper, or power screw driver operator. (Tr. 82–83). The ALJ found Plaintiff was not disabled from December 31, 2015, through December 31, 2015, the date last insured. (Tr. 83). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred by failing to mention most of the medical opinions and failing to properly assess the medical finding in accordance with 20 C.F.R § 404.1520C(A)-(C)(2017); 2) whether the ALJ erred by failing to properly consider and evaluate medical evidence postdating the date last insured of December 31, 2015; 3) whether the ALJ erred by ignoring the VE's testimony that no jobs would be available if Plaintiff had to take three unscheduled 20-minute breaks every month; 4) whether the AJ erred by ignoring Plaintiff's non-severe impairments in the RFC analysis; and 5) whether the ALJ's decision was supported by substantial evidence. (ECF No. 11).

Defendant argues that the ALJ properly considered Plaintiff's subjective complaints, diagnoses, responses to treatment, radiology reports, treatment notes, daily activities, examination findings, and both lay and medical opinions of record. (ECF No. 12). Further, Defendant argues the ALJ properly considered evidence dated both before the alleged onset date and after the date last insured, which were the same date in this case. Defendant argues the ALJ considered opinions offered by nonexamining physicians in the prior administrative medical findings but did not rely

exclusively upon those opinions and appropriately found them persuasive for the time period that they were rendered. Defendant argues the ALJ properly evaluated the opinion of Plaintiff's treating psychiatrist, Dr. Walden, who began treating Plaintiff in April of 2018. Defendant further argues Plaintiff's assertions that the ALJ erred in his consideration of Plaintiff's nonsevere impairments are conclusory and Plaintiff failed to cite any evidence indicating that his nonsevere impairments limited his ability to perform basic work tasks. Finally, Defendant argues the ALJ properly considered the VE testimony, and the decision was supported by substantial evidence.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While some evidence would support greater limitations than those found, particularly after the date last insured, the ALJ addressed those records and opinions and carefully weighed the evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 26th day of January 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE